**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4281**

---

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

JEREMY SANQUAN WRIGHT,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:07-cr-00897-TLW-1)

---

Submitted:  November 30, 2017                    Decided:  December 20, 2017

---

Before GREGORY, Chief Judge, and WILKINSON and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Emily Deck Harrill, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant.  Beth Drake, United States Attorney, Jimmie Ewing, Robert F. Daley, Jr., Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Sanquan Wright was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) (2012). In light of his prior convictions, the district court sentenced Wright to life imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (2012). We affirmed. *United States v. Wright*, 594 F.3d 259 (4th Cir. 2010).

In 2016, Wright filed a 28 U.S.C. § 2255 (2012) motion challenging his designation as an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (20162). The Government conceded that Wright no longer qualified for the enhanced sentence, and the district court resentenced Wright to 120 months' imprisonment, the statutory maximum, to run consecutively to Wright's state sentence of life without parole. Wright appeals, arguing that his sentence is procedurally and substantively unreasonable.

This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. *Id*. at 49-51. Only after determining that the sentence

is procedurally reasonable does this court consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id*. at 51.

Wright concedes that the district court properly calculated his advisory Guidelines range and gave him an opportunity to argue for an appropriate sentence. However, Wright argues, first, that his sentence is procedurally unreasonable because the district court included in its written statement of reasons those that he did not mention at the sentencing hearing. Second, Wright asserts that his sentence is procedurally unreasonable because the district court failed to articulate a valid reason for imposing a consecutive, rather than concurrent, sentence to his state term of imprisonment. Wright also claims that his sentence exceeds the statutory maximum by running consecutively to his state sentence.

Although Wright's advisory Guidelines range would have been life imprisonment, the statutory maximum for his offense is 120 months. Before pronouncing Wright's sentence, the district court reviewed Wright's extensive criminal history as well as the relevant § 3553(a) factors; namely, the court addressed the seriousness of Wright's offense, his lack of respect for the law, and the need for deterrence and protection of the public. The court also addressed at some length its decision to impose Wright's sentence as consecutive, rather than concurrent, to his state life sentence.

Wright claims that the district court committed procedural error in providing "additional" reasons in the written statement of reasons to those articulated in open court. However, we find that these were not *additional* factors relied upon by the district court,

but rather were part of the nature and circumstances of the offense within the meaning of 18 U.S.C. § 3553(a)(1) that the district court discussed at sentencing.

Wright's claim that the district court failed to adequately explain its reason for imposition of a consecutive sentence is belied by the transcript of the sentencing hearing. Finally, Wright offers no support for his contention that a 120-month sentence imposed to run consecutively to his state sentence exceeds the 120-month statutory maximum. *See, e.g.* 18 U.S.C. § 3584(a) (2012) ("[I]f a term of imprisonment is imposed on a defendant who is subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." Accordingly, we find that Wright's sentence is procedurally reasonable.

If this court concludes that a sentence is free of significant procedural error, this court then considers the substantive reasonableness of the sentence. *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *Id.*

Wright argues that the district court committed substantive error in failing to explain its rejection of a concurrent sentence, U.S. Sentencing Guidelines Manual (USSG) § 5G1.3(b) (2016), and for placing too much emphasis on Wright's juvenile record. However, as noted above, the district court went to great lengths to explain its reasoning for imposing a consecutive sentence and Wright's juvenile criminal history

4

was only part of his extensive criminal record mentioned by the district court. Therefore, we find that Wright cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm Wright's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*